SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ectronically FILED by Superior Court of California, County of Los Angeles on 10/13/2021 03:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Alexander, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ZALE DELAWARE, INC. and DOES 1 to 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHELLY TANG

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Alhambra Courthouse
*(El nombre y dirección de la corte es):*
Superior Court of California County of Los Angeles
150 West Commonwealth, Alhambra, CA 91801

CASE NUMBER: *(Número del Caso):*
**21AHCV00028**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jean H. Power, Esq. State Bar No. 326509 (626) 282-6868
Law Offices of Scott Warmuth APC, 17700 Castleton Sheet, Suite #168, City of Industry, CA 91748

DATE: 10/13/2021 Sherri R. Carter Executive Officer / Clerk of Court    Clerk, by D. Alexander    , Deputy
*(Fecha)*                                                                *(Secretario)*               *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):* **ZALE DELAWARE, INC.**
   under: [x] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]  [Save this form]    [Clear this form]

Case 2:21-cv-08945-MWF-AGR Document 1-2 Filed 11/15/21 Page 2 of 13 Page ID #:15
Assigned for all purposes to: Alhambra Courthouse, Judicial Officer: Joel Lofton
Electronically FILED by Superior Court of California, County of Los Angeles on 10/13/2021 03:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Alexander, Deputy Clerk

JEAN HOPKINS POWER SBN: 326509
**LAW OFFICES OF SCOTT WARMUTH, APC**
17700 Castleton St. #168
City of Industry, CA 91748
jpower@law888.com
Telephone: (626) 282-6868
Facsimile: (626) 642-0808

*Attorneys for Plaintiff*
SHELLY TANG

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – ALHAMBRA COURTHOUSE

| | |
|---|---|
| SHELLY TANG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZALE DELAWARE, INC. and DOES 1 to 10, INCLUSIVE<br><br>　　　　Defendants. | Case No.<br><br>UNLIMITED JURISDICTION<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **FAILURE TO PAY WAGES FOR MISSED REST PERIODS** (Cal. Lab. Code § 226.7);<br>2. **FAILURE TO PAY WAGES FOR MISSED MEAL BREAKS** (Cal. Lab. Code § 226.7;<br>3. **FAILURE TO PAY OVERTIME WAGES** (Cal. Lab. Code § 510);<br>4. **FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS** (Cal. Lab. Code § 226);<br>5. **WAITING TIME PENALTIES** (Cal. Lab. Code § § 201, 202, 203); and<br>6. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW** (Cal. Bus. & Prof. Code § § 17200 et seq.).<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SHELLY TANG alleges and complains against, Defendants ZALE DELAWARE, INC. and DOES 1 through 10, Inclusive, as follows:

1.　　All allegations of the complaint are based on information and belief and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

**COMPLAINT**

## PARTIES

2. Plaintiff SHELLY TANG ("Plaintiff" or "Tang") was employed as a sales manager by Defendant Zale Delaware, Inc. ("Zale" or "Defendant") Plaintiff was employed by the Defendant from on or about March 24, 2014 until February 7, 2021 ("relevant time period.") Tang worked five (5) or six (6) days per week and thirteen (13) hours per day. Tang was a non – exempt employee and paid an hourly rate of $24.56 at the time of her separation from employment.

3. During the relevant time period, Plaintiff was issued pay checks and W-2's by Defendant, in the name of Zale Jewelers.

4. During the relevant time period, Plaintiff was last paid an hourly wage of $24.56.

5. Upon information and belief, Defendant ZALE, is at all times relevant to this action, a corporation organized and existing under the laws of the State of California, with a principal business address of 400 South Baldwin Avenue, Suite 752L, Arcadia, Los Angeles County, California 91007. At all times relevant to this action, Defendant, ZALE employed five or more persons.

6. Plaintiff is ignorant of the true names and capacities of defendants sued as DOES 1 to 10, inclusive, and therefore sues these defendants by such fictitious names and refers to them and the named defendants collectively as "Defendants." Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated as a DOE is responsible in some manner for the wrongful conduct referred to and thereby proximately caused injuries and damages to Plaintiff as herein alleged.

## AGENCY; AIDING AND ABETTING; AND CONSPIRACY

7. At all times relevant to this action, Defendants, and each of them, were acting as the agents, employees, and/or representatives of each other, and were acting within the course and scope of their agency and employment with the full knowledge, consent, permission, authorization, and ratification, either express or implied, of each of the other Defendants in performing the acts alleged in this Complaint.

8. Plaintiff is informed and believes that at all times mentioned herein, the actions of the business entity involved were performed by its employees, agents, officers, servants and/or representatives of Defendant ZALE.

COMPLAINT

9. As members of the conspiracies alleged more fully below, each of the Defendants participated and acted with or in furtherance of said conspiracy, or aided or assisted in carrying out the purposes of the conspiracy, and have performed acts and made statements in furtherance of the conspiracy and other violations of California law.

10. Each Defendant acted both individually and in alignment with the other Defendants with full knowledge of their respective wrongful conduct. As such, Defendants conspired together, building upon each other's wrongdoing, in order to accomplish the acts outlined in this Complaint.

11. Defendants are individually sued as principals, participants, aiders and abettors, and co-conspirators in the wrongful conduct complained of and the liability of each arises from the fact that each has engaged in all or part of the improper acts, plans, schemes, conspiracies, or transactions complained of herein.

## STATEMENT OF FACTS

12. All facts contained herein are based on PLAINTIFF's information and belief.

13. Defendants own and operate ZALE, a jewelry retail store, in Los Angeles County. Defendants employ more than five individuals in hourly, non-exempt positions.

14. During the relevant time period, Plaintiff was employed by the Defendants as a non-exempt employee.

15. During the relevant time period, Plaintiff was employed as a sales manager at the Zale store located at 400 South Baldwin Avenue, Suite 752L, Arcadia, Los Angeles County, California 91007 from on or about March 24, 2014 until February 7, 2021.

16. During the relevant time period, Tang worked five (5) or six (6) days per week and thirteen (13) hours per day.

17. During the relevant time period, Tang was employed by the Defendants as a non – exempt employee.

18. During the relevant time period, Tang was paid an hourly rate of $24.56 at the time of her separation from employment.

19. During the relevant time period, Plaintiff was issued pay checks and W-2's by Defendant, ZALE.

20. During the relevant time period of Plaintiff's employment as a non-exempt employee, Defendants did not provide Tang ten-minute rest periods after every four (4) hours of work. Defendants did not provide work schedules (and/or sufficient staff) to permit employees, including the Plaintiff, to take rest period breaks. Defendants were aware that employees' workloads, including Tang's workload, prevented her from taking rest period breaks but did not take any action to relieve Tang from her duties. The Defendants insisted that Tang attend to all customers regardless of her schedule and refused to permit Tang time to take a rest break. The Defendants insisted that Tang attend to all customers regardless of her schedule and refused to permit Tang time to take a rest break. Tang was constantly interrupted by customers for assistance and Tang was not provided sufficient staff by the Defendants to relieve her to permit her to take any rest period breaks.

21. During the relevant time period of Plaintiff's employment as a non-exempt employee, Defendants did not provide Tang thirty (30) minute uninterrupted meal periods for every five (5) hours worked. Defendants did not provide work schedules (and/or sufficient staff) to permit employees, including the Plaintiff, to take meal period breaks. Defendants were aware that employees' workloads, including Tang's workload, prevented her from taking meal period breaks but did not take any action to relieve the Tang from her duties. The Defendants insisted that Tang attend to all customers regardless of her schedule and refused to permit Tang time to take a meal break. Tang was constantly interrupted by customers for assistance and Tang was not provided sufficient staff by the Defendants to relieve her to permit her to take any meal period breaks.

22. During the relevant time period of Plaintiff's employment as a non-exempt employee, Defendants did not pay overtime to the employees, including Plaintiff, for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

## JURISDICTION AND VENUE

23. This Court has jurisdiction in the matter pursuant to *Code of Civil Procedure § 410.10* because the alleged violation and/or injury occurred within the County of Los Angeles, California.

4

COMPLAINT

24. Venue is proper in this Court pursuant to the provisions of *Code of Civil Procedure §§ 395 and 395.5*, in that the alleged violation and/or injury occurred and Defendants' obligations and liability arose in the County of Los Angeles, State of California.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY WAGES FOR MISSED REST PERIODS**
(Cal. Lab. Code §§ 226.7, Industrial Welfare Commission Wage Order 7-2001 and 8 Cal. Code Reg. §11050)
*(Against All Defendants)*

25. Plaintiff incorporates herein each and every allegation contained in the preceding paragraphs of the complaint as if alleged fully herein.

26. Wage Order No. 7-2001 requires an employer to provide an employee an uninterrupted 10 minute rest break for every four (4) hours worked or major fraction thereof.

27. Wage Order No. 7-2001 requires an employer to pay an employee an additional hour of compensation for every workday that the rest period is not provided. *California Labor Code §226.7* likewise requires an employer to pay an employee an additional hour of compensation for every workday that a rest period mandated by the California Wage Order is not provided.

28. Here, during the relevant time period, while Plaintiff was employed as a non-exempt employee, Defendants failed to authorize or permit Plaintiff to take an uninterrupted 10-minute rest break for every four (4) hours worked or major fraction thereof. Defendants instead, required Plaintiff to work and to be ready to work at all times, including during rest periods. Plaintiff was required to and did work during her rest periods. As such, Plaintiff was not relieved of all duty during rest periods and/or was denied rest periods altogether. Furthermore, Defendants would impede, discourage and/or prohibit Plaintiff from taking her rest periods.

29. Pursuant to *California Labor Code §226.7* and Wage Order Number 7-2001, Defendants are obligated to pay Plaintiff one additional hour of pay for each workday that the rest period was not provided.

///
///

5

**COMPLAINT**

## SECOND CAUSE OF ACTION
## FAILURE TO PAY WAGES FOR MISSED MEAL PERIODS
(Cal. Lab. Code §§ 226.7, Industrial Welfare Commission Wage Order 7-2001 and 8 Cal. Code Reg. §11050)
*(Against All Defendants)*

30. Plaintiff incorporates herein each and every allegation contained in the preceding paragraphs of the complaint as if alleged fully herein.

31. Wage Order No. 7-2001 requires that employers must provide uninterrupted 30 - minute meal breaks after every five hours worked.

32. Wage Order No. 7-2001 requires an employer to pay an employee an additional hour of compensation for every workday that the meal break is not provided. *California Labor Code §226.7* likewise requires an employer to pay an employee an additional hour of compensation for every workday that a meal break period mandated by the California Wage Order is not provided.

33. Here, during the relevant time period, while Plaintiff was employed as a non-exempt employee, Defendants failed to authorize or permit Plaintiff to take an uninterrupted 30-minute rest break for every five (5) hours worked or major fraction thereof. Defendants instead, required Plaintiff to work and to be ready to work at all times, including during rest periods. Plaintiff was required to and did work during her meal break periods. As such, Plaintiff was not relieved of all duty during meal periods and/or was denied meal break periods altogether. Furthermore, Defendants would impede, discourage and/or prohibit Plaintiff from taking her meal break periods.

34. Pursuant to California Labor Code §226.7 and Wage Order Number 7-2001, Defendants are obligated to pay Plaintiff one additional hour of pay for each workday that the meal break period was not provided.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
(Cal. Lab. Code §510, 1194, 1198, Industrial Welfare Commission Wage Order 7-2001 and 8 Cal. Code Reg. §11050))
*(Against All Defendants)*

35. Plaintiff incorporates herein each and every allegation contained in the preceding paragraphs of the complaint as if alleged fully herein.

36. *California Labor Code § 510* provides:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

37. *California Labor Code §1198* provides that it is unlawful to employ an employee for longer than the hours set by the Industrial Welfare Commission.

38. *Industrial Welfare Commission Wage Order Number 4-2001* provides:

[E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for any hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday ... is permissible provided the employee is compensated for such overtime at not less than:
(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday....
(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday....

39. *California Labor Code §1194* provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation including interest thereon, reasonable attorney's fees, and costs of suit.

40. Here, during the relevant time period, while Plaintiff was employed as a non-exempt employee, Plaintiff was required by Defendants to work over eight (8) hours per day and/or over forty (40) hours per week.

41. Defendants failed to pay Plaintiff her overtime wages. Thus, Defendants violated *Labor Code §§ 510, 1194, 1198,* and Wage Order Number 7-2001.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants' failure to pay Plaintiff her overtime wages was done willfully.

43. As a result of Defendants' failure to pay Plaintiff his overtime wages, Plaintiff was not timely paid all earned wages as required by *California Labor Code §§ 201, 204.*

7

**COMPLAINT**

44. Under *California Labor Code § 1194(a)*, Plaintiff requests that the Court award Plaintiff reasonable attorney's fees and costs incurred by her in this action.

45. Under *California Labor Code §§ 218.6* and *1194(a)*, Plaintiff requests that the Court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by *California Civil Code § 3289(b)*, accruing from the date the wages were due and payable.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS
### (Cal. Lab. Code §226)
### *(Against All Defendants)*

46. Plaintiff incorporates herein each and every allegation contained in the preceding paragraphs of the complaint as if alleged fully herein.

47. *California Labor Code §226(a)* requires Defendants, semimonthly or at the time of each payment of wages, to furnish Plaintiff an accurate itemized statement in writing showing "(1) gross wages earned, (2) total hours worked by the employee, ... (4) all deductions, ... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, ... and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee...."

48. Here, during the relevant time period, during Plaintiff's employment with Defendants, Plaintiff was not provided accurate itemized wage statements. Plaintiff worked for more hours than was indicated on his wage statements. Plaintiff's overtime hours were not properly paid or documented on the wage statements.

49. Defendants have knowingly and intentionally failed to comply with *California Labor Code §226(a)* on each and every wage statement that should have been provided to Plaintiff.

50. By failing to keep adequate records, as required by *California Labor Code §226*, Defendants have injured Plaintiff and made it confusing and difficult to calculate the unpaid wage earned and expenditures not indemnified by Defendants (including wages, interest, and penalties thereon) due to Plaintiff.

51. Plaintiff seeks to recover the statutory penalties, costs, and reasonable attorney's fees provided by *California Labor Code §§ 226(e), 226.3* for the wage statement violations committed by Defendants.

### FIFTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (Cal. Lab. Code §§201, 202, 203)
*(Against All Defendants)*

52. Plaintiff incorporates herein each and every allegation contained in the preceding paragraphs of the complaint as if alleged fully herein.

53. *California Labor Code §§ 201 and 202* require employers to promptly pay all wages owing to an employee at the conclusion of employment. *California Labor Code §203* provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

54. Here, the Plaintiff's last day of work was on or about February 7, 2021. Since that time, Plaintiff has not been paid for the amounts sought herein. Defendants failed to pay Plaintiff for her unpaid overtime wages and failed to pay Plaintiff for rest and meal periods that she could not take. Defendants have failed to pay these sums for in excess of thirty (30) days thereafter.

55. Pursuant to the *California Labor Code §203*, Plaintiff is entitled to a penalty against Defendants, in an amount according to proof which is comprised of their respective daily rate multiplied by 30 days.

### SIXTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### (Cal. Bus. & Prof. Code §§17200 et seq.)
*(Against All Defendants)*

56. Plaintiff incorporates herein each and every allegation contained in the preceding paragraphs of the complaint as if alleged fully herein.

57. Plaintiff brings this cause of action for Defendants' unfair, unlawful and fraudulent business practices and acts. Through this lawsuit, Plaintiff seeks to enjoin the acts and practices referenced

9

**COMPLAINT**

herein and also seeks a disgorgement of all profits obtained by Defendants for the unfair unlawful and fraudulent acts referenced herein.

58. The knowing, intentional and willful conduct of Defendants as alleged herein, constitutes an unlawful and/or fraudulent business practice as set forth in California Business & Professional Code §§17200 et seq. Defendants conducted and continue to conduct business activities while failing to comply with the legal mandates cited herein.

59. Here, Defendants' failure to comply with the legal mandates cited herein, all of which are binding upon and burdensome to Defendants' competitors, has provided Defendants with an unfair competitive advantage to be more profitable than competitors by denying employees their wages, not providing rest breaks, and for failing to provide accurate payroll records all in violation of California Business & Professional Code §§17200 et seq.

60. Plaintiff seeks an injunction pursuant to California Business & Professional Code §17203, prohibiting Defendants' unfair and unlawful business practices. Plaintiff also seeks an order requiring Defendants to disgorge the ill-gotten gains obtained by engaging in those unlawful business practices and to provide restitution to all persons who have suffered damages or injury as a result of those unlawful business practices.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff SHELLY TANG prays for judgment against Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1. For all wages and/or premiums due pursuant to *California Labor Code § 226.7* in an amount according to proof for rest period violations;
2. For litigation costs;
3. For interest on any compensation due from the day such amounts were due under *California Labor Code § 218.6;* and
4. For such other and further relief as the Court may deem appropriate;

10
COMPLAINT

### ON THE SECOND CAUSE OF ACTION

1. For all wages and/or premiums due pursuant to *California Labor Code § 226.7* in an amount according to proof for meal break period violations;
2. For litigation costs;
3. For interest on any compensation due from the day such amounts were due under *California Labor Code § 218.6*; and
4. For such other and further relief as the Court may deem appropriate;

### ON THE THIRD CAUSE OF ACTION

1. For all unpaid wages and compensations in an amount according to proof;
2. For attorney's fees under *California Labor Code § 1194(a)*;
3. For litigation costs under *California Labor Code § 1194(a)*;
4. For interest on unpaid wages due from the day such amounts were due under *Labor Code §§ 218.6 and 1194(a), and California Civil Code § 3289(b)*; and
5. For such other and further relief as the Court may deem appropriate;

### ON THE FOURTH CAUSE OF ACTION

1. For civil penalties under *California Labor Code § 226(e)* in an amount according to proof;
2. For attorney's fees under *California Labor Code § 226(e)*;
3. For litigation costs under *California Labor Code § 226(e)*;
4. For an award of interest, including prejudgment interest, at the legal rate; and
5. For such other and further relief as the Court may deem appropriate;

### ON THE FIFTH CAUSE OF ACTION

1. For all wages, premiums and/or penalties due pursuant to Wage Order No. 7-2001;
2. For civil penalties in an amount according to proof;
3. For litigation costs;
4. For reasonable attorney's fees;
5. For an award of interest, including prejudgment interest, at the legal rate; and
6. For such other and further relief as the Court may deem appropriate; and

## ON THE SIXTH CAUSE OF ACTION

1. For restitution and disgorgement of profits to prevent Defendants from profiting from their unlawful business practices;
2. For compensatory damages in an amount according to proof representing unpaid wages and unpaid overtime compensation owed to Plaintiff;
3. For injunctive relief, including but not limited to an order enjoining Defendants from continuing to avoid the payment of wages, overtime compensation and business expenses, failing to maintain and disseminate proper payroll records and failing to provide meal and rest breaks pursuant to *Code of Civil Procedure § 17203*;
4. For penalties in an amount to be proven at trial;
5. For reasonable attorneys' fees and litigation costs;
6. For an award of interest, including prejudgment interest, at the legal rate; and
7. For such other and further relief as the Court may deem appropriate.

Dated: October 13, 2021

**LAW OFFICES OF SCOTT WARMUTH, APC**

By: _____
JEAN HOPKINS POWER

*Attorneys for Plaintiff*
SHELLY TANG

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all claims and causes of action appropriate for determination by a jury.

Dated: October 13, 2021

**LAW OFFICES OF SCOTT WARMUTH, APC**

By: _____
JEAN HOPKINS POWER

*Attorneys for Plaintiff*
SHELLY TANG

12

COMPLAINT